

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. Elbert Kirby, Jr., §
2. Caleb Meadows, §
§
Plaintiff, §
§
v. §  Case Number _____
§
1. DAVID M. O'DENS, §
2. SETTLEPOU, §   **14 CV - 388 JHP - PJC**
3. OCWEN LOAN SERVICING, LLC §
§
Defendant. §

**FILED**
JUL 11 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## VERIFIED PETITION IN THE NATURE OF A PETITION FOR REDRESS OF INJURIES UNDER AUTHORITY OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, FOR VIOLATIONS UNDER 15 U.S.C. 1601 ET SEQ.

1. Elbert Kirby, Jr. and Caleb Meadows, an aggrieved party, petitions this Court under authority of 15 USC 1601 et seq. hereinafter "The Act."

2. FIRST CAUSE OF ACTION: David M. O'Dens, a debt collector, engaged collection activity against Elbert Kirby, Jr. and Caleb Meadows, and continued to engage in collection activity to the end result of taking away real estate without prior advising Elbert Kirby, Jr. and Caleb Meadows of Elbert Kirby, Jr. and Caleb Meadow's due process rights expressly reserved at 15 USC 1692(g), *Harvey v. United Adjusters*, 509 F.Supp. 1218 by failing or refusing to validate the alleged debt after repeated, timely requests to do so.

3. SECOND CAUSE OF ACTION: SETTLEPOU, a debt collector, engaged collection activity against Elbert Kirby, Jr. and Caleb Meadows, and continued to engage in collection activity to the end result of taking away real estate without prior advising Elbert Kirby, Jr. and Caleb Meadows of Elbert Kirby, Jr. and Caleb Meadow's due process rights expressly reserved at 15 USC 1692(g), *Harvey v. United Adjusters,* 509 F.Supp. 1218 by failing or refusing to validate the alleged debt after repeated, timely requests to do so.

4. THIRD CAUSE OF ACTION: OCWEN LOAN SERVICING, LLC, a debt collector, engaged collection activity against Elbert Kirby, Jr. and Caleb Meadows, and continued to engage in collection activity to the end result of taking away real estate without prior advising Elbert Kirby, Jr. and Caleb Meadows of Elbert Kirby, Jr. and Caleb Meadow's due process rights expressly reserved at 15 USC 1692(g), *Harvey v. United Adjusters,* 509 F.Supp. 1218 by failing or refusing to validate the alleged debt after repeated, timely requests to do so.

5. FOURTH CAUSE OF ACTION: David M. O'Dens, has repeatedly violated 15 USC 1692(e) by making false and misleading representations of the alleged debt including the status of the alleged debt and perfecting foreclosure of the debt including taking of property via sham foreclosure proceedings. David M. O'Dens, proceeding in a careless and disrespectful manner which was "knowing," "intentional," and "willful" repeatedly ignored available proof that the alleged debt was not prosecuted in the name of the real party in interest as shown on a promissory note naming U.S. Bank National Association as the original lender or holder in due course. David M. O'Dens further acted

willfully in taking property via a foreclosure lien or trust deed naming a party other than ResMae Mortgage Corporation.

6. FIFTH CAUSE OF ACTION: SETTLEPOU, has repeatedly violated 15 USC 1692(e) by making false and misleading representations of the alleged debt including the status of the alleged debt and perfecting foreclosure of the debt including taking of property via sham foreclosure proceedings. SETTLEPOU, proceeding in a careless and disrespectful manner which was "knowing," "intentional," and "willful" repeatedly ignored available proof that the alleged debt was not prosecuted in the name of the real party in interest as shown on a promissory note naming U.S. Bank National Association as the original lender or holder in due course. SETTLEPOU further acted willfully in taking property via a foreclosure lien or trust deed naming a party other than ResMae Mortgage Corporation.

7. SIXTH CAUSE OF ACTION: OCWEN LOAN SERVICING, LLC, has repeatedly violated 15 USC 1692(e) by making false and misleading representations of the alleged debt including the status of the alleged debt and perfecting foreclosure of the debt including taking of property via sham foreclosure proceedings. OCWEN LOAN SERVICING, LLC, proceeding in a careless and disrespectful manner which was "knowing," "intentional," and "willful" repeatedly ignored available proof that the alleged debt was not prosecuted in the name of the real party in interest as shown on a promissory note naming U.S. Bank National Association as the original lender or holder in due course. OCWEN LOAN SERVICING, LLC, further acted willfully in taking

property via a foreclosure lien or trust deed naming a party other than ResMae Mortgage Corporation.

8. David M. O'Dens, is a debt collector. See 15 USC 1692a(6).  See also *George Heintz, et al., v Darlene Jenkins,* 514 u.s. 291, 115 S.Ct. 1489 (1995).

9. SETTLEPOU, is a debt collector. See 15 USC 1692a(6).   See also *George Heintz, et al., v Darlene Jenkins,* 514 u.s. 291, 115 S.Ct. 1489 (1995).

10. OCWEN LOAN SERVICING, LLC, is a debt collector. See 15 USC 1692a(6).  See also *George  Heintz, et al., v Darlene Jenkins,* 514 u.s. 291, 115 S.Ct. 1489 (1995).

11. Elbert Kirby, Jr. and Caleb Meadows is lawfully entitled to actual damages as well as statutory damages against David M. O'Dens, SETTLEPOU, and OCWEN LOAN SERVICING, LLC, up to a maximum of one thousand dollars ($1,000.00) each. See 15 USC 1692(a)(k).  The actual  damages, Elbert Kirby, Jr. and Caleb Meadows is lawfully entitled to for taking property via sham foreclosure proceedings exceeds five hundred thousand dollars ($500,000).

REMEDY SOUGHT

7. A jury's determination that David M. O'Dens, SETTLEPOU, and OCWEN LOAN SERVICING, LLC, have violated consumer law justly requires this court's order to compensate Elbert Kirby, Jr. and Caleb Meadows statutory damages not exceeding $1,000.00.  A jury's determination that David M. O'Dens, SETTLEPOU, and OCWEN LOAN SERVICING, LLC, abused consumer law to take property away under false,

incomplete, and misleading pretenses warrants damages of not less than five hundred thousand dollars ($500,000).

JURY TRIAL DEMANDED

_____   _____
By: Elbert Kirby, Jr. and Caleb Meadows

Elbert Kirby, Jr. and Caleb Meadows
1125 East 8th Street
Tulsa, Oklahoma
918.906.1204

INDIVIDUAL ACKNOWLEDGMENT

STATE OF OKLAHOMA
COUNTY OF TULSA

    Before me, the undersigned, a Notary Public in and for said County and State on this 11 day of July 2014, personally appeared <u>Elbert Kirby, Jr.</u> to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

    Given under my hand and seal the day and year last above written.

My commission expires 4/25/18

VERIFIED PETITION FOR VIOLATIONS UNDER 15 U.S.C 1601 ET SEQ    Page 5 of 6


Notary Public



INDIVIDUAL ACKNOWLEDGMENT

STATE OF OKLAHOMA

COUNTY OF TULSA

    Before me, the undersigned, a Notary Public in and for said County and State on this _11_ day of ___July 2014___, personally appeared <u>Caleb Meadows</u> to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

    Given under my hand and seal the day and year last above written.

My commission expires ___4/25/18___

_____
Notary Public