IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ELBERT KIRBY, JR., et al., )
)
    Plaintiffs, )
)
v. ) Case No. 14-CV-388-GKF-PJC
)
DAVID M. O'DENS, et al., )
)
    Defendants. )

**OPINION AND ORDER**

    Before the Court are three discovery motions, including two Motions to Compel [Dkt. Nos. 93, 94], and a Motion for Protective Order [Dkt. No. 80]. For the reasons set forth below, Plaintiffs' Motions [Dkt. Nos. 80 and 94] are **DENIED**. Defendants' Motion [Dkt. No. 93] is **GRANTED**.

**I**
**PLAINTIFFS' REPEATED CLAIMS**
**THAT THEY WERE NOT SERVED OR DID NOT RECEIVE MATERIAL VIA MAIL**

    Plaintiffs have repeatedly claimed that they never received materials that were mailed to them at their last known address. This is a critical issue, because much depends on whether discovery requests or responses were properly served on the Plaintiffs. The Court holds that the record evidence supports the following findings:

1. On July 11, 2014, Plaintiffs Elbert Kirby Jr. ("Kirby") and Caleb Meadows ("Meadows") initiated this lawsuit and represented their residence and mailing address to be 1125 East 8th Street, Tulsa, Okla. ("the 1125 address"). [Dkt. No. 1]. They have consistently listed this mailing address on every pleading herein. At no time have Plaintiffs indicated that their mailing address has changed.

2. On November 24, 2014, Defendants served certain discovery requests on Plaintiff Elbert Kirby Jr. by certified mail, return receipt requested to the 1125 address. [Defendants' Exhibits – Hearing on Discovery Motions (hereafter, "Defendants' Hearing Exhibits,"), Ex. 10]. On December 29, 2014, the item was returned to Sender by the U.S. Postal Service as "Unclaimed."

3. On November 24, 2014, Defendants served discovery requests on Plaintiff Caleb Meadows by certified mail, return receipt requested at the 1125 address. [*Id.*, Ex. 11]. On December 29, 2014, the item was returned to Sender as "Unclaimed."

4. On December 22, 2014, Defendants served on Kirby Requests for Admission by certified mail, return receipt requested, at the 1125 address. These Requests were accepted, and signed for by someone at Plaintiffs' residence. [*Id.*, Ex. 12].

5. On March 10, 2015, Defendants served Plaintiffs with amended discovery responses by certified mail, return receipt requested, to their last known address. On April 9, 2015, the item was returned to Sender as "Unclaimed." [Ex. 2].

6. On March 12, 2015, Defendants served Plaintiffs additional documents by certified mail, return receipt requested to the 1125 address. On April 9, 2015, the item was returned to Sender as "Unclaimed." [*Id.*, Ex. 3].

7. On March 12, 2015, Defendants served on Plaintiff Kirby their Second Set of Interrogatories by certified mail, return receipt requested. On April 9, 2015, this item was returned to Sender "Unclaimed." [*Id.*, Ex. 13].

8. On March 13, 2015, Defendants served on Plaintiffs Kirby and Meadows their Second Set of Interrogatories by certified mail, return receipt requested. On April 9, 2015, the items were returned to Sender as "Unclaimed." [*Id.*, Ex. 14].

9. On March 17, 2015, Defendants sent Plaintiffs additional documents, by certified mail, return receipt requested to the 1125 address. On April 27, 2015, these items were returned to Sender as "Unclaimed." [*Id.*, Ex. 4].

10. On March 23, 2015, Defendants produced certain documents to Plaintiffs by serving them through certified mail, return receipt requested to the 1125 address. On April 27, 2015, the documents were returned to Sender as "Unclaimed." [*Id.*, Ex. 5].

11. On April 7, 2015, Defendants served Plaintiffs with documents as ordered by the Court, by mailing them certified mail, return receipt requested. Notice was left at the 1125 address, but the material was "Unclaimed." [*Id.*, Ex. 6].

12. On April 9, 2015, after Plaintiffs denied having received the April 7 documents, a "courtesy copy" of certain documents was attached to an email sent to Plaintiffs at "followtherules@icloud.com." Defendants notified Plaintiffs that the actual document production was not sent because it exceeded Plaintiffs' email capacity. [*Id.,* Ex. 7].

13. On April 17, 2015, Defendant O'Dens served Plaintiffs with his amended discovery responses and Non-Parties' Response to Subpoena. These were sent by certified mail, return receipt requested to the 1125 address. Notice was left at the 1125 address, but it appears it was not claimed. [*Id.*, Ex. 8].

14. On April 20, 2015, O'Dens sent the Plaintiffs an email with courtesy attachments of the materials sent by mail on April 17. [*Id.*, Ex. 9]. Plaintiffs claim that as of the May 8, 2015 hearing they had not received these materials

15. On April 30, 2015 and on May 4, 2015, O'Dens sent Plaintiffs emails concerning deposition dates. Defendants state that Plaintiffs did not respond. [*Id.*, Ex. 15].

The record evidence establishes that in eleven instances described above, the Defendants served certain papers on Plaintiffs by certified mail to their last known address. In ten of those instances, Plaintiffs claim they never received the mailed materials.[1] The 1125 address is the address that the Plaintiffs have used throughout this lawsuit. *See for example*, *Complaint*, Dkt. No. 2, p.5; *Joint Status Report*, Dkt. No. 19, p. 7; *Plaintiffs' Motion for Summary Judgment*, Dkt. No. 27, p. 13; *Plaintiffs' Motion to Compel*, Dkt. No. 52, pp. 25 & 26; *Plaintiffs' Motion for Protective Order*, Dkt. No. 80, p. 7; *Plaintiffs' Objection to Defendnats (sic) Motion for Attorney Fees*, Dkt. No. 107, p. 3. At times, Plaintiffs have accepted mail delivered to this address. *E.g.*, Defendants' Hearing Exhibits, Ex. 1 & 12. Plaintiffs have never provided a different mailing address.

**II**
**LEGAL PRINCIPLES REGARDING SERVICE**
**OF PLEADINGS AND OTHER PAPERS**

The Federal Rules of Civil Procedure provide requirements for service of pleadings, discovery papers, motions and other legal papers:

---

[1] There is record evidence indicating that when no authorized recipient was available to accept an item, the U.S. Postal Service left Plaintiffs a notice that the item could be claimed at the Post Office. After 15 days, the Postal Service may return the items to the Sender as "Unclaimed"; however, it appears that the Postal Service generally waits 30 days before returning items to the Sender. *E.g., Id.*, USPS Tracking record, Ex. 5, 6, & 8.

> **(b) Service: How Made.**
>
> > **(1) *Serving an Attorney*.** If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
> >
> > **(2) *Service in General*.** A paper is served under this rule by:
> >
> > > **(A)** handing it to the person;
> > >
> > > **(B)** leaving it:
> > >
> > > > **(i)** at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
> > > >
> > > > **(ii)** if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
> > >
> > > **(C)** <u>mailing it to the person's last known address--in which event service is complete upon mailing</u>;

Fed. R. Civ. P. 5(b) (emphasis added).

The papers described above may be served by mailing them to the last known address of the person served. *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 116 (2d Cir. 2009). Service by mail is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Mailing to a person's last known address completes effective service, *Theede v. U.S. Dept. of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999), even if the mail is not received. *Radkov v. Ashcroft*, 375 F.3d 96, 98 (1st Cir. 2004); *Ealy v. Superintendent of Groveland Corr. Facility*, 680 F.Supp.2d 445, 447-48 (W.D.N.Y. 2010); *Simon v. Scott*, 2006 WL 42374, *3 (N.D.Ga. Jan. 6, 2006) (non-receipt does not invalidate service by mail); *Stamper v. Parsons*, 2005 WL 82135, *3 (D.Kan. Jan. 12, 2005). Thus, it is incumbent upon the parties to a lawsuit to be sure they have provided a current and correct mailing address to the Court and to the other parties to the

litigation.  Here, Plaintiffs provided the 1125 address to the Court and Defendants upon filing this lawsuit, and they have maintained that this is their correct mailing address throughout the litigation by putting the 1125 address on every pleading or document they have filed or served.  Accordingly, Defendants O'Dens, SettlePou and Ocwen properly served Kirby and Meadows by mailing them papers to their last known address.  Service was complete *upon mailing*; service was effective even if the mail was not received, or if Plaintiffs chose not to retrieve their mail from the local Postal Station.  With this issue resolved, the Court now addresses these three outstanding discovery matters.

**III**
**DISCUSSION**

**A. Plaintiffs' Motion for Protective Order**
**Alternatively Motion for Sanctions [Dkt. No. 80]**

Plaintiffs complain that Defendants did not comply with this Court's Order of March 24, 2015, which required production by April 7, 2015, of certain subpoenaed documents and a Privilege Log (if required by LCvR26.1) (hereafter, "the April 7 documents").  Plaintiffs claim they never received these papers.  Defendants state that the items were mailed on April 7, to the Plaintiffs' last known address, in conformity with Fed. R. Civ. P. 5(b)(2)(C).

Plaintiffs seek protection "from the defendants' atrocities"  [Dkt. No. 80, p.3], specifically they ask the Court to not allow their depositions prior to production of the April 7 documents.  Plaintiffs also seek unspecified sanctions for Defendants' alleged non-compliance with the Court's order.

6

Plaintiffs have been properly served with Defendants' discovery responses as required. Defendants placed their responses in the mail on April 7, 2015, in accordance with the Federal Rules of Civil Procedure.[2] Defendants also assert that they served the responses again on April 9, 2015. Plaintiffs contend that they never received these documents. The Court finds that Plaintiffs were properly served by mail as required by the Federal Rules; accordingly, the Motion for Protective Order and Sanctions is **DENIED**. The Court will consider an award of fees and expenses under Rule 37(a)(5)(B) if Defendants apply for such within 10 days of this Order.

**B. Defendants' Fifth Motion to Compel [Dkt. No. 93]**

Defendants' Fifth Motion to Compel concerns discovery requests served on Plaintiffs on March 12 (Kirby) and March 13 (Meadows), 2015. The discovery consisted of a Second Set of Interrogatories propounded by each of the three Defendants to each of the Plaintiffs. As of the date of the Court's hearing on this matter – May 8, 2015 – the Plaintiffs had not responded. Again, Plaintiffs state that they never received the discovery requests. [Dkt. No. 106, ¶ 1].[3]

Attached to Defendants' Motion to Compel are postal receipts establishing that the discovery requests were placed in the mail to Plaintiffs on March 12 and 13, 2015. The record evidence establishes that Defendants properly served their discovery requests on the Plaintiffs in accordance with Rule 5(b)(2)(C). Therefore, the Court

---

[2] A U.S. Postal receipt establishes that Defendants put their discovery responses in the mail to both Plaintiffs on April 7, 2015. [Ex. 1 to Dkt. No. 87]. Defendants again sent the materials on April 9, 2015. [Ex. 5 to Dkt. No. 87]. Furthermore, the responses are attached as exhibits to Defendants' Response to Plaintiffs' motion [Dkt. No. 87, Ex. 5], which was filed on April 10, 2015.

[3] The discovery requests were attached to Defendants' Motion to Compel. [Dkt. No. 93, Ex. 1 & 2]. Plaintiffs can hardly complain they have not seen them.

7

**GRANTS** the Motion to Compel. Plaintiffs will fully answer the interrogatories and verify them as required by Rule 33(b)(3) under oath and return their answers to Defendants by **May 22, 2015**. Pursuant to Rule 37(a)(5)(A), Plaintiffs will be assessed the costs of this motion if Defendants apply for such within 10 days hereof.

### C. Plaintiffs' Fourth Motion to Compel and Request for Sanctions [Dkt. No. 94]

In their Fourth Motion to Compel, Plaintiffs complain that they have not received the Defendants' privilege log of attorney-client and work-product protected documents nor "the exhibits and evidence not in these categories." [Dkt. No. 94, p. 1]. Plaintiffs complain that Defendants are sending documents by mail and not to a "dropbox" account as Plaintiffs have sometimes requested.

On April 8, 2015, the Court Ordered Defendant O'Dens to answer certain interrogatories and respond to certain document requests. O'Dens was to comply with this Order within 10 days, or by April 18, 2015.

Defendant has produced documents showing that the discovery responses were placed in the mail on April 17, 2015. The Federal Rules permit service by mail to a person's last known address. Under Rule 5(b)(2)(C), service was complete on April 17, in compliance with the Court's Order. After Plaintiffs filed this motion, Defendants sent the materials again on April 20, 2015, this time by email.

The record evidence reflects that Defendants properly served the necessary discovery responses on April 17, 2015. Furthermore, the discovery responses are attached as exhibits to Dkt. No. 102. Plaintiffs' Motion to Compel is **DENIED**. Pursuant to Rule 37(a)(5)B), the Court will consider an award of fees and expenses if Defendants apply for such within 10 days hereof.

For the reasons set forth above, Plaintiffs' Motion for Protective Order/Sanctions [Dkt. No. 80] is **DENIED**; Defendants' Motion to Compel [Dkt. No. 93] is **GRANTED**, and Plaintiffs are to respond to the Second Set of Interrogatories by May 22, 2015; and Plaintiffs' Fourth Motion to Compel and Request for Sanctions [Dkt. No. 94] is **DENIED**.

**IT IS SO ORDERED**, this 14th day of May 2015.

_____
Paul J. Cleary
United States Magistrate Judge