IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ELBERT KIRBY, JR., et al., )
)
    Plaintiffs, )
)
v. ) Case No. 14-CV-388-GKF-PJC
)
DAVID M. O'DENS, et al., )
)
    Defendants. )

## OPINION AND ORDER

This matter is before the Court on Defendants' Fourth Motion to Compel [Dkt. No. 76].

## FACTUAL BACKGROUND

Plaintiffs Elbert Kirby Jr. ("Kirby") and Caleb Meadows ("Meadows") brought this action alleging violations of federal law in the Defendants' conduct seeking to collect certain debt. The underlying debt arises, at least in part, from a mortgage loan concerning real property at 1125 East Eighth St., Tulsa, Oklahoma.[1] Plaintiffs allege that the Defendants, David M. O'Dens ("O'Dens"), an attorney representing the Defendants; Settle & Pou, P.C. ("SettlePou"), O'Dens' law firm; and, OCWEN Loan Servicing LLC ("Ocwen"), client of O'Dens and SettlePou, have engaged in unlawful debt collection activity. [Dkt. No. 2, *Verified Petition in the Nature of a Petition for Redress of Injuries Under the Authority of the Fair Debt Collections Practices Act, for*

---

[1] A foreclosure action relating to this property is pending before Judge Linda Morrissey in Tulsa County District Court. *U.S. Bank National Ass'n v. Elbert Kirby Jr., et al.*, CJ-2012-5031.

*Violations Under 15 U.S.C. 1601 Et Seq.* ("Petition")].[2] Plaintiffs have made the same broad allegations against each of the Defendants. Because the Defendants are not identically situated, they have asked each Plaintiff to identify specific information and conduct supporting that Plaintiff's allegations against the specific discovering Defendant.

Discovery closed in this case on April 17, 2015. On May 8, 2015, the Court conducted a hearing on all pending motions. After reviewing the extensive briefing submitted by the Parties, and hearing argument of counsel, the Court makes the following rulings.

## DISCUSSION

### I
### Preliminary Matters

**A. What is this case about?**

Plaintiffs claim that the Defendants have violated certain Federal statutes while trying to collect a debt from the Plaintiffs. The Defendants have stated that the only debt at issue arises from a Mortgage and Promissory Note executed by Kirby. Defendants contend that the loan is in default and the real property involved, 1125 East 8th Street, Tulsa ("the property"), is the subject of a foreclosure action in Tulsa County District Court. Plaintiff Meadows conceded at a hearing on March 23, 2015, that the property is a "part" of the debt collection issue before this Court. Plaintiff Kirby, on the

---

[2] Generally, the Federal Rules of Civil Procedure no longer require that pleadings be verified. Fed. R. Civ. P. 11(a). Where applicable, however, verification requires an oath stating "Under penalty of perjury, I certify that the foregoing is true and correct." *See, Deseret Mgmt. Corp. v. U.S.*, 75 Fed. Cl. 571, 575 (2007). Plaintiffs' "Verified Petition" is not verified because Plaintiffs' "Individual Acknowledgments" do not state that under penalty of perjury, the allegations in the Petition are true and correct. *See*, Dkt. No. 2 at 5-6.

other hand, has said that the property and documents related to his purported Note and Mortgage are irrelevant to this case. After reading the pleadings in this case and listening to arguments of counsel and the pro se Plaintiffs, the Court concludes that the debt at issue arises from a purported mortgage loan to Kirby for the purchase of the property.

**B. Who are the Plaintiffs?**

There are two Plaintiffs in this case. Plaintiffs describe themselves simply as "an aggrieved party" (sic) under 15 U.S.C. § 1601 et seq. (the Truth in Lending Act). [Dkt. No. 2, ¶1]). Defendants say their collection activity concerns a Note and Mortgage executed by Kirby. Defendants describe Plaintiff Meadows as a mere tenant on the property. [Dkt. No. 19, ¶ II(B)].

**C. Who are the Defendants?**

There are three Defendants: David M. O'Dens is a Texas attorney in the SettlePou law firm, which is also a Defendant. O'Dens and SettlePou first became involved with Plaintiffs on March 24, 2014, when they entered appearances in the Tulsa County foreclosure action. [Dkt. No. 33, Ex. 1G, Ortwerth Dec., p. 8, ¶¶ 17-18]. Defendant Ocwen Loan Servicing took over loan servicing from Saxon Mortgage Services on April 16, 2010. [*Id.*, p. 5, ¶ 13].

It appears that the Defendants only contact with Plaintiffs arises out of the efforts to collect and/or foreclose on the Note and Mortgage related to the property. The Defendants' roles in those efforts differ, however. Ocwen handled the servicing of the mortgage loan, while O'Dens and SettlePou represented U.S. Bank National Association in the legal proceedings related to the foreclosure action. Thus, the

distinctions among the Defendants are critical when discovery requests seek information as to a specific Defendant's conduct. Similarly, the distinctions between the two Plaintiffs are also critical.

## II
## DISCUSSION

### A. Problems with Plaintiffs' Initial Discovery Responses

Many of the discovery problems in this case have been created or compounded by Plaintiffs' inattention to detail and/or inartful or evasive discovery responses. For example, on November 24, 2014, *each* Defendant served *each* Plaintiff with interrogatories. Each Defendant sought information from each Plaintiff as to the conduct by *that Defendant* supporting *that Plaintiff's* claims against it. In the first round of discovery responses, however, Plaintiffs did not distinguish between themselves; nor did they distinguish among the Defendants. Instead, the Plaintiffs answered interrogatories jointly and served the response to the Defendants collectively. Defendants moved to compel proper responses. Plaintiffs responded that the information sought was irrelevant. "The Defendants' uncontrived (sic) and miscalculated requests do not lead to produce (sic) relevant evidence of their own violations of the FDCPA, FCRA, and TCPA." [Dkt. No. 26, at 3].

At a hearing held on March 23, 2015, the Court granted the Defendants' Motion to Compel [Dkt. No. 25]. The Court Ordered the Plaintiffs to respond properly to Defendants' outstanding discovery. Plaintiffs were told they must answer interrogatories individually, responding separately to each Defendant. Furthermore, the Plaintiffs' responses were vague and failed to provide any detailed information. Plaintiffs were also ordered to serve separate responses to the Defendants' Requests

4

for Production.  Finally, Plaintiffs were Ordered to properly verify their interrogatory responses in accordance with Fed.R.Civ.P. 33(b)(3).  Verification requires that the interrogatories be answered "separately and fully in writing under oath." *Id.* A party has been found to have failed to properly verify responses to interrogatories "under oath" where they added the phrase "to the best of my knowledge." *E.g.*, *Deseret Mgmt.*, 75 Fed. Cl. at 573.

Thereafter, Plaintiffs served "Amended Discovery."  However, Plaintiffs failed to provide separate responses to the interrogatories of SettlePou and Ocwen, and failed to provide separate responses to the Requests for Production.  Again, the Plaintiffs responded only to the interrogatories served by O'Dens.  They did not respond to the interrogatories served by, and relating specifically to, SettlePou and Ocwen.  Furthermore, Plaintiffs have failed to properly verify their interrogatory answers as the Court ordered.  Thus, Plaintiffs have failed to comply with the Court's March discovery orders.

Also at the March 23, 2015 hearing, the Court granted O'Dens' Second Motion to Compel [Dkt. No. 29] and directed Plaintiff Kirby to serve proper answers to O'Dens' Requests for Admission ("RFAs").  The Court specifically overruled Kirby's relevance objection to the RFAs; however, that was only one of the problems with Kirby's responses.

The Federal Rules of Civil Procedure provide:

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

  (A) facts, the application of law to fact, or opinions about either; and

> (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).

The documents at issue were attached to the RFAs as required by Rule 36(a)(2). O'Dens' RFAs asked Kirby to admit the genuineness of certain documents purportedly related to a mortgage loan and Note executed by Kirby. Under Rule 36, a matter is admitted unless within 30 days after being served, the responding party serves either "a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(a)(3). *See also*, *Dinkins v. Bunge Mill, Inc.*, 313 Fed.Appx. 882, 884 (7th Cir. 2009).

Kirby answered/objected to the RFAs; however, the issue in the Second Motion to Compel was the sufficiency and propriety of the responses. Rule 36 further provides:

> **(4) *Answer*.** If a matter is not admitted, the answer must <u>specifically</u> deny it or <u>state in detail</u> why the answering party cannot truthfully admit or deny it. <u>A denial must fairly respond to the substance of the matter</u>; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. <u>The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny</u>.
>
> **(5) *Objections*.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Rule 36(a)(4) & (5) (emphasis added).

The requesting party may move for a judicial determination as to the sufficiency of an answer or objection.

> Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial

conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Rule 36(a)6).

The RFAs generally asked Kirby to admit that he had executed certain documents related to the Mortgage and Note concerning the property. Kirby objected to nearly all of the RFAs on the basis of relevance, among other things. For example, RFA No. 1 asked Kirby to "Admit that on August 30, 2005, you executed and delivered to ResMae Mortgage Corporation an Adjustable Rae (sic) Note in the original principal amount of $450,000." Attached to the RFA was a purported copy of a Note bearing what appeared to be Kirby's signature. Kirby responded:

> Cannot be admitted so therefore, Deny. No evidence presented or not enough information to provide a responsive answer. Objection. Irrelevant. Defendants' Request is irrelevant to the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

See, Kirby's responses to RFAs, Dkt. No. 29, p. 91 et seq.

Kirby's answers were clearly improper. First, the only reason Kirby offered as to his inability to admit the RFA was that no evidence was presented or he did not have enough information to respond. There is no recitation that Kirby made any inquiry whatsoever to obtain information to answer the RFA. Furthermore, the answer is illogical since Kirby is being asked to identify a document that purportedly bears his signature. The document *is* the evidence. Kirby was required to either admit or deny that the document is the Adjustable Rate Mortgage he signed for the property. Second, the document is hardly irrelevant to his matter. Plaintiffs' Complaint [Dkt. No. 2] states that the Defendants have engaged in collection activity "to the end of taking away real estate" without first advising Plaintiffs of their due process rights. [*Id.* at ¶2].

7

Defendants contend that the Note and Mortgage for the property at 1125 East 8th Street is the basis of the debt they have sought to collect. At the hearing on March 23, Plaintiffs were asked what real property had been taken away. Plaintiff Meadows responded: "1125 East 8th Street." [March 23, 2015, hearing]. Thus, it is clear from Plaintiffs' admission, that the property is a critical part of Plaintiffs' action, and certainly is not irrelevant. At the hearing, the Court advised Kirby that his responses were not sufficient and *specifically* overruled the objection as to relevance. Plaintiffs further stated at the hearing that they could not "validate" the documents submitted to Kirby, because "we are not in the business of validating documents." [*Id.*]. Clearly, Kirby was simply evading discovery. Accordingly, the Court directed Kirby to serve amended responses to the RFAs within 10 days.[3]

Kirby's amended responses to the RFAs are no better. For example, Kirby's "amended" response to RFA No. 1 states:

> Cannot be admitted so therefore, Deny. No evidence presented or not enough information to provide a responsive answer. Objection. Scope. This is an action involving the defendants' improprieties. Defendants' Request is beyond the scope of the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the Plaintiffs (sic) Objections, the defendants were not a real party of interest and therefore violated the Fair Debt Collection Practices Act, by taking the Plaintiffs' property without proper chain of title and endorsements in hand to do so. Also see Plaintiffs Reply to Defendants' interrogatory No. 2.

[Dkt. No. 76, Ex. No. 1, Plaintiff Kirby's Response to Defendant's First Set of Requests for Admission].

---

[3]  Subsequently, *both* Meadows and Kirby served responses to the RFAs, even though Meadows was never served with the RFAs and was not ordered to answer them. For the reasons discussed hereafter, the responses were wholly inadequate.

8

The first half of the amended response merely substitutes the word "scope" for the word "relevance," but continues to assert the relevance objection that the Court expressly overruled. The answer does not comply with this Court's Order and does not satisfy Plaintiff's obligations under the Rules of Civil Procedure.

Other RFAs asked Kirby to admit that certain documents were true and correct copies of a Note, Mortgage, or Loan Modification Agreement. In his initial responses, Kirby frequently responded:

> Deny, as set forth in Response to Request No. 1. Objection. Irrelevant. Defendants' Request is irrelevant to the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

[Dkt. No. 29, Ex. 4, Response to RFA No. 3].

Kirby's amended response was still improper:

> Deny, as set forth in Response to Request No. 1. Objection. Scope. This is an action involving the defendants' improprieties. Defendants' Request is beyond the scope of the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the Plaintiffs' Objections, the defendants lack evidence to support this claim. The defendants (sic) terms "executed" "delivered" go wholly undefined therefore, the Plaintiffs are only able to deny this request.

[Dkt. No. 76, Response to RFA No. 3].

The only RFA that Kirby answered properly under the Rules of Civil Procedure is RFA No. 23, which he simply denied.

A hearing on this motion was conducted May 8, 2015. After reviewing the Parties' briefing and considering the arguments and evidence adduced at the May 8 hearing, the Court finds that Plaintiffs have failed to comply with this Court's previous discovery orders. Accordingly, Defendants' Motion to Compel is **GRANTED**. **With respect to the interrogatories and requests for production, by June 7, 2015,**

**Plaintiffs shall fully comply with this Court's orders and the Rules of Civil Procedure by providing proper, verified answers to interrogatories and full responses to the Requests for Production. Failure to comply with this Order will subject the Plaintiffs to possible sanctions, up to and including a recommendation that this case be dismissed for failure to cooperate in discovery and failure to obey Court orders.**

As to the Requests for Admission, Kirby has been given two opportunities to properly respond and has failed to do so. Rule 36(a)(6) provides that if the Court finds that an answer to Requests for Admission does not comply with the rule, the Court may order "either that the matter is admitted or that an amended answer be served." The Court has already ordered amended answers, and those answers merely restate what the Court has already found to be improper. Therefore, the RFAs – with the exception of RFA No. 23 – are hereby **DEEMED ADMITTED**.

**IT IS SO ORDERED** this 29th day of May 2015.

_____
Paul J. Cleary
United States Magistrate Judge