**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ELBERT KIRBY, JR., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CV-388-GKF-PJC** |
| | ) | |
| **DAVID M. O'DENS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**OPINION AND ORDER**</u>

Before the Court for determination is the Defendants' Second Motion for Attorneys' Fees ("Defendants' Motion"). [Dkt. No. 124]. Plaintiffs have filed their Objection to Defendants' Motion. [Dkt. No. 146]. For the reasons set forth below, the motion is **GRANTED IN PART**.

Defendants' request for attorneys' fees stems from the Court's rulings on three discovery motions: (1) Denying Plaintiffs' Motion for Protective Order [Dkt. No. 80]; (2) Granting Defendants' Fifth Motion to Compel [Dkt. No. 93]; and, (3) Denying Plaintiffs' Fourth Motion to Compel [Dkt. No. 94]. The basis for the Court's rulings on these motions is set forth in its May 14, 2015 Order and Opinion [Dkt. No. 118].

Defendants seek reimbursement of $4,509 for fees incurred in prosecuting their Motion to Compel and defending Plaintiffs' motions. This is based on 16.7 hours of work incurred by attorney David M. O'Dens at an hourly rate of $270. This hourly rate is $190 less than O'Dens' normal billing rate. [Dkt. No 124, *Declaration of David M. O'Dens*, ¶¶ 9-10]. In their Response [Dkt. No. 146], Plaintiffs challenge neither the

number of hours claimed by O'Dens, nor the hourly billing rate. Instead, Plaintiffs have limited their opposition to an attorney fee award to the issue of legal entitlement.

## DISCUSSION

Much of Plaintiffs' Objection to Defendants' Motion is based on the so-called "American Rule" which holds that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness* Societ, 421 U.S. 240, 247 (1975). This Rule does not apply, however, where a specific statute or contract provision provides a basis for attorney-fee shifting.

Plaintiffs' reliance on the American Rule is inapposite here, however, because the fees at issue are *not* claimed by Defendants as the prevailing parties in this lawsuit. There are no prevailing parties at this juncture. Rather, Defendants seek an award of fees pursuant to the discovery provisions of the Federal Rules of Civil Procedure as enacted by Congress.

Fed. R. Civ. P. 37 provides the statutory basis for a fee award here. That Rule provides:

**(5) Payment of Expenses; Protective Orders.**

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)     other circumstances make an award of expenses unjust.

(B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5).

Under this provision, where a Motion to Compel is granted, the Court <u>must</u> award fees unless one of three exceptions applies. These exceptions are set forth in sub-sections (a)(5)(A)(i)-(iii) of the Rule. Plaintiffs have not argued any of these exceptions, and the Court's review of the record indicates that none of them applies. Accordingly, an award of fees to Defendants for prevailing on their Motion to Compel is required by the Rule.

Similarly, where a party brings a motion to compel or for protective order and that motion is denied, an award of fees is required under section (a)(5)(B). Clearly, these provisions provide a statutory basis for an award or attorney fees related to discovery motions falling within the scope of Rule 37(a)(5). Thus, Plaintiffs' arguments concerning the American Rule or a lack of statutory authority for an award of fees are fatally flawed.

Plaintiffs also argue that a Court's "inherent power" to award attorney fees is limited; however, the Court is not relying on inherent authority in this case. The authority to make an award of fees is rooted in Rule 37, not the Court's inherent power.

Plaintiffs also make seven broad, unsupported arguments as to why attorney fees are inappropriate. Several of these concern whether O'Dens can seek an award of fees when he is a party to the litigation. It has been held that pro se parties who are attorneys cannot recover fees under 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432 (1991). The rationale of the decision in *Kay* is that all litigants should be encouraged to obtain independent professional counsel. "A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." 499 U.S. 438. *See also*, *Debry v. Noble*, 1 F.3d 1249, *5-*6 (10th Cir. 1993) in which the Tenth Circuit noted that the opinion in *Kay* "assumes the existence of a paying relationship between an attorney and a client, and restricting awards to litigants engaged in such a relationship would encourage litigants to hire independent counsel and thereby increase the quality of litigation." The reasoning of *Kay* has been applied in other contexts besides § 1988. *E.g.*, *Watkins v. Manchester*, 559 N.W.2d 81, 84-86 (Mich.App. 1996) (vacating a mediation sanction award of attorney fees to a pro se attorney).

Here, O'Dens represents three Defendants: himself, his law firm, SettlePou ("SettlePou"), and Ocwen Loan Servicing LLC ("Ocwen"). The last two entities are corporations that cannot appear in Court pro se. *See*, *Baker & Hostetler LLP v. U.S. Dept. of Commerce*, 473 F.3d 312, 324 (D.C.Cir. 2006). This holding is expressly set forth in the Local Rules of this Court: "Parties who are not natural persons may not

appear pro se." LCvR17.1.  While O'Dens may not be able to seek fees for his efforts on his own behalf, his representation of the corporate entities does not fall within the prohibition of *Kay*.  SettlePou and Ocwen are entitled to compensation under Rule 37 for the fees they incurred as a result of Plaintiffs' conduct.  From a review of the discovery requests and issues contested in the underlying motions, it appears that one-third of the material at issue was related solely to O'Dens as a party to this litigation. For this reason, the fees sought in Defendants' Motion will be reduced by one-third to reflect O'Dens' role as a pro se litigant.

**ACCORDINGLY**, Defendants' Motion is **GRANTED IN PART**.  Pursuant to Rule 37(a)(5), Defendants Ocwen LLC and SettlePou are awarded fees in the amount of $3006.00, which constitutes two-thirds of the total fees sought in Defendants' Motion. This sum is awarded against Plaintiffs Elbert Kirby, Jr., and Caleb Meadows, jointly and severally.

**IT IS SO ORDERED** this 17th day of July 2015.

_____

Paul J. Cleary
United States Magistrate Judge