## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) ELBERT KIRBY, JR., and, )
(2) CALEB MEADOWS, )
                    )
           Plaintiffs, )
                    )
v. )
                    )    Case No. 14-CV-388-GKF-PJC
(1) DAVID M. O'DENS, )
(2) SETTLEPOU, )
(3) OCWEN LOAN SERVICING, LLC,, )
                    )
           Defendants. )

## OPINION AND ORDER

Before the court is the Report and Recommendation of United States Magistrate Judge Paul J. Cleary on defendants' Motion for Imposition of Sanctions. [Dkt. #207]. The Magistrate Judge recommended the court dismiss plaintiffs' lawsuit with prejudice as a sanction for discovery misconduct. The court previously granted summary judgment for defendants on all of plaintiffs' claims except one—plaintiffs' seventh cause of action—for a violation of § 1692d of the Fair Debt Collection Practices Act ("FDCPA"). [Dkt. #211]. Thus, the Magistrate Judge's Report and Recommendation would, if adopted, operate to dismiss plaintiffs' remaining claim.

The Magistrate Judge has ably summarized this case and its procedural history, and the court refers the reader to that summary. [*See* Dkt. #207, pp. 2-6]. Similarly, the Report and Recommendation contains a recitation of the parties', and particularly the plaintiffs', conduct, which the court will not recreate here. [*See id.* at 9-25].

Plaintiffs object to the Report and Recommendation, making several arguments.[1] Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."

First, plaintiffs argue the Report and Recommendation does not provide a "basis, statute or rule upon which the sanctions may be properly invoked." [Dkt. #216, p. 1]. This argument is not persuasive. The Magistrate Judge provided a detailed explanation of the law governing the imposition of sanctions, including specifically merits sanctions such as dismissal. [*See* Dkt. #207, pp. 6-9].

Plaintiffs object to the Magistrate Judge's application of *Ehrenhouse v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), a leading Tenth Circuit case that provides five factors a court should consider before using dismissal as a sanction. Plaintiffs correctly argue that *Ehrenhouse* teaches dismissal is a rare sanction, to be avoided unless clearly called for. More specifically, plaintiffs argue the Magistrate Judge erred when concluding defendants were prejudiced—the first *Ehrenhouse* factor—because defendants had a "full and fair opportunity to obtain any information germane to this case" at the plaintiffs' depositions. This blanket assertion does not adequately respond to the evidence of prejudice to the defendants outlined by the Magistrate Judge, including delay and fees and costs associated with responding to plaintiffs' obstructive behavior. Plaintiffs also argue the Magistrate Judge erred when concluding their behavior at the depositions amounted to "interference with the judicial process"—the second *Ehrenhouse* factor—because plaintiffs appeared for their depositions. Similarly, the fact that plaintiffs

---

[1] As it has throughout these proceedings, the court gives *pro se* plaintiffs' materials a "liberal reading." *See Velasquez v. Astrue*, 301 F.App'x 778, 780 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

appeared for the depositions does not adequately respond to the ample evidence recited by the Magistrate Judge that plaintiffs willfully obstructed the progress of those depositions.

Plaintiffs generally object to the Magistrate Judge's prior award of attorney fees. This court previously considered plaintiffs' objections to that award and overruled them. [*See* Dkt. #155]. More specifically, plaintiffs argue the Magistrate Judge ignored plaintiffs' claims that they are unable to pay monetary sanctions. To the contrary, the Magistrate Judge clearly considered plaintiffs' ability to pay monetary sanctions, [Dkt. #207, p. 32, n. 13], and, when imposing the sanctions, analyzed legal authority to determine when it is appropriate to impose monetary sanctions on parties proceeding *in forma pauperis*. [Dkt. #129, pp. 5-6].

Plaintiffs ask the court to "certify" a question, specifically "whether a party to a lawsuit can request payment either in the form of attorney fees, sanctions, or any type of benefit from a lawsuit in which they are [a] party and where multiple conflicts of interest are present?" Plaintiffs have raised this question previously in this case, objecting to the fact that defendant David O'Dens ("O'Dens") is both a defendant and an attorney representing himself and the other defendants. This court has previously rejected plaintiffs' argument on this point. [*See* Dkt. #155, pp. 1-2]. The Magistrate Judge considered this argument on a separate occasion and reduced an award of attorney fees to exclude amounts O'Dens spent representing himself, as opposed to his co-defendants. [*See* Dkt. #162, pp. 4-5]. Plaintiffs' reassertion of this question does not identify any error in the Report and Recommendation, and thus is not relevant to the question before the court.

Plaintiffs also object to the Magistrate Judge's calculation of the attorney fees awarded, arguing that certain amounts billed by O'Dens for, among other things, air travel amounted to a "fraud upon the court" because the mileage charged was not based on the rate in the Internal

Revenue Code. Plaintiffs provide a lengthy discussion of a court's power to set aside judgments where the court has been defrauded. Again, plaintiffs had an opportunity to object to that award and its calculation, and this court overruled all objections presented. In any event, the fact that O'Dens sought reimbursement for his air travel, as opposed to mileage, does not amount to evidence of a fraud upon the court.

Plaintiffs raise multiple objections to the Magistrate Judge's conclusions regarding defendants' attempted depositions of plaintiffs, which were postponed due to plaintiffs' obstructive behavior. First, plaintiffs argue they were—contrary to the Magistrate Judge's characterization—willing to move forward at the April 2015 depositions, declaring themselves "here and present." The problem, they argue, lay with defendants, who "circumvented and botched their own noticed depositions because they would not move forward themselves."

As evidence of defendants' refusal to proceed, plaintiffs argue defendants noticed them of their deposition on plaintiff Kirby's birthday in February 2015 and that this conduct was "beyond malice." Plaintiffs cite no authority that a notice of deposition may not be served on an individual on his or her birthday, and the court is unaware of any such rule. In any event, plaintiffs also argue they never received the notice mailed on Kirby's birthday, undermining the claim that the receipt of the notice caused Kirby some hardship.

Plaintiffs argue the Magistrate Judge was wrong to criticize them for failing to attend the initial deposition scheduled in March 2015 because they never received the deposition notice. The Magistrate Judge noted, by way of background, that plaintiffs claimed never to have received the first deposition notice. However, the Magistrate Judge did not rely on this fact as evidence of plaintiffs' misconduct. Rather, his analysis of plaintiffs' misconduct focused on the *later* attempt to depose plaintiffs in April 2015. [*See* Dkt. #207, pp. 14-25].

Plaintiffs argue the defendants brought an "unknown" person with them to the April 2015 deposition and suggest this was improper. In a "notice" to the court following the April 2015 attempted deposition, plaintiffs noted that Shannon Taylor, unknown to them, appeared at the deposition. [*See* Dkt. #90, p. 3]. Based on the transcript of those proceedings, it is clear Ms. Taylor appeared at the deposition in the place of her colleague A. Grant Schwabe, another lawyer at the same law firm. Mr. Schwabe represents defendants in this matter. [*Id.* at 17]. The transcript also shows plaintiffs did not object to Ms. Taylor's presence during the hearing and her presence was not related to any of the misconduct identified by the Magistrate Judge at that attempted deposition. [*Id.* at 18-24]. Ms. Taylor did not speak at all during the deposition, nor did plaintiffs address her at any time. [*Id.*]. Plaintiffs' argument that the Magistrate Judge erred by not concluding defendants "circumvented and botched" the depositions by bringing Ms. Taylor is not persuasive.

Plaintiffs also object to the Magistrate Judge's characterization of the list of statements and questions they presented to defendants at the April 2015 deposition as "preconditions." Rather, plaintiffs argue, the list was simply their attempt to clarify issues the defendants might have attempted to present during the deposition. Plaintiffs' characterization of the document is not persuasive. The document is titled "Deposition Requirements and Stipulations," and does not pose a single clarifying question, instead making demands such as "Deponent cannot and will not speak orally at any time during this deposition." [*See* Dkt. 84, pp. 14-24 generally, and p. 16 in particular]. The court agrees with the Magistrate Judge's description of the document's contents as "a myriad of wholly inappropriate, unreasonable and frivolous conditions on the Court-ordered depositions." [Dkt. #207, p. 15].

Plaintiffs also argue the Magistrate Judge's conclusion that plaintiffs were capable of "scuttling" a deposition conducted by an "experienced 30 year veteran litigator" like O'Dens is "utterly preposterous" and evidence of the Magistrate Judge's bias. This argument is not persuasive. Even experienced litigators cannot compel deposition testimony from an unwilling deponent.

In sum, plaintiffs' argument that they "never once . . . stalled [their] first depositions" is not persuasive.

Plaintiffs also argue the Magistrate Judge inappropriately denied plaintiffs the opportunity to depose defendants. This argument is not relevant to the Report and Recommendation, which did not base its sanctions recommendation on plaintiffs' failure to depose defendants. In any event, plaintiffs were given three opportunities—with intervening instructions from the Magistrate Judge and an exemption from discovery deadlines—to formulate appropriate deposition notices, and nevertheless failed to do so. [*See* Dkt. #156]. Plaintiffs' argument that defendants unfairly got "more discovery" than they did is not persuasive.

While discussing the deposition section of the Report and Recommendation, plaintiffs argue the Magistrate Judge indulged in "kripkean dogmatism" in attempting to "prop up the defendants' falsities, lies, and fraud upon the court." [Dkt. #216, pp. 7-8]. Plaintiffs' argument is essentially that the Magistrate Judge did not review the evidence dispassionately or fairly, but rather was biased and predetermined to rule against plaintiffs. Other than the arguments already discussed, plaintiffs offer no evidence of the Magistrate Judge's bias. In the view of this court, the Magistrate Judge's rulings have been well considered. The court notes those rulings have not uniformly favored the defense, as plaintiffs suggest. [*See, e.g.*, Dkt. #72 (construing plaintiffs'

"subpoena" as a request for production of documents to bring it within the requirements of the federal rules and sustaining several of plaintiffs' requests against objections from the defense)].

Plaintiffs offer several objections to the conduct of the Magistrate Judge and defendants. First, plaintiffs argue the Magistrate Judge uses inaccessible language and mocks the plaintiffs. After review of the materials in the record, the court is not aware of any mocking language or language that would be difficult for individuals of plaintiffs' education—as demonstrated in plaintiffs' filings in this court—to understand. Of particular relevance here, Magistrate Judge Cleary's instructions to the plaintiffs regarding required discovery activity were clear and unambiguous. The Magistrate Judge has, at various points in these proceedings and in the Report and Recommendation, described plaintiffs' misconduct and his disapproval thereof, but never in a mocking tone.

Next, plaintiffs generally argue the Magistrate Judge denied their First Amendment right to be heard, but do not explain what opportunity they were denied. The Magistrate Judge gave plaintiffs a full opportunity to respond to the sanctions motion. Plaintiffs also specifically argue their First Amendment freedoms were abridged when the Magistrate Judge called a member of the United States Marshals Service into a hearing on May 8, 2015. The Magistrate Judge did so to prevent plaintiff Kirby from continuing to jump to his feet and interrupt in spite of clear instructions from the Magistrate Judge that this behavior was unacceptable. [*See* Dkt. #207, p. 28; Dkt. #132, pp. 28, 32-33]. The record shows the Magistrate Judge relied on the U.S. Marshal to maintain order during the hearing, and there is no indication plaintiffs were denied an opportunity to be heard during that hearing—when it was their turn to speak.

Plaintiffs incidentally allege "ex parte communications" between the defendants and the Magistrate Judge, but provide no evidence of any such communications, nor is the court aware of

any evidence suggesting such communications. Similarly, the plaintiffs claim the Magistrate Judge's Report and Recommendation is evidence "that he has a financial interest in the outcome of the instant matters." Plaintiffs offer no evidence in support of this bald allegation.

Plaintiffs argue, without citing a single document or statement, that "the defendant is filing false pleadings on numerous occasions, alleging and stating facts which are false and perjurious." Without any specific allegations, this generalized argument is not persuasive.

Plaintiffs obliquely reiterate an objection they have made elsewhere, that defendants' evidence of the mortgage debt plaintiffs owe is inadequate under the Federal Rules of Evidence. Of course, this argument is not relevant to their discovery conduct and relates to claims on which this court has already granted summary judgment for defendants. [*See* Dkt. #211].

Plaintiffs make several objections regarding their responses to defendants' discovery requests. First, Plaintiffs argue they have attached to their objections proper responses to interrogatories, correcting the errors in their previous responses identified in the Report and Recommendation. And yet, one of the errors in plaintiffs' many attempts at answering defendants' interrogatories—including this one—is that they have submitted joint responses instead of individual responses by each plaintiff. Plaintiffs argue the Magistrate Judge was wrong to recommend sanctions for submitting combined discovery responses because those responses "could be the same for both of the Plaintiffs . . . ." The Magistrate Judge clearly and properly determined separate responses were required, and plaintiffs had an opportunity to argue otherwise and have had several opportunities to comply. [*See* Dkt. #130, pp. 4-5]. Plaintiffs offer no authority contradicting the Magistrate Judge's analysis as to the need for separate discovery responses by each plaintiff. The responses attached to plaintiffs' objections clearly fail

to conform to the Magistrate Judge's instructions and, in any event, do not erase the plaintiffs' past misconduct described in the Report and Recommendation.

Plaintiffs next argue they tried to respond in good faith to the defendants' discovery requests. In support, plaintiffs cite an email in which they "sought clarification" in response to another email from O'Dens. [*See* Dkt. #216, pp. 26-27]. O'Dens notified plaintiffs that, should they fail to comply with an order of the court directing plaintiffs to provide "proper, verified answers to interrogatories and full responses to the Requests for Production," defendants would notify the court of plaintiffs' failure and "seek appropriate relief." [*Id.* at 27]. Plaintiffs' argument that they were seeking clarification in good faith is not persuasive. O'Dens's email simply directs plaintiffs to comply with the order of the court, which clearly articulated plaintiffs' duty in responding to the discovery requests.

Plaintiffs imply the Magistrate Judge incorrectly determined plaintiffs have not produced "ANY discovery," [Dkt. #216, p. 3], and that in fact they provided discovery responses at a hearing on May 8, 2015. The minutes from that hearing do not reflect the submission of any materials by the plaintiffs. [Dkt. #115]. In any event, the Magistrate Judge did not find that plaintiffs did not produce *any* discovery, but rather concluded that the discovery plaintiffs produced was inadequate under the federal rules. Plaintiffs' objections to that conclusion have been overruled by this court. [*See* Dkt. #155].

Plaintiffs argue their non-compliance with the discovery requests was inadvertent. Plaintiffs' blanket denial of the Magistrate Judge's assessment does not adequately respond to the ample evidence described in the Report and Recommendation that the discovery violations were willful.

Plaintiffs argue the defendants have not suggested they will seek to admit any of plaintiffs' discovery materials—produced to date—as evidence at trial, obviating the need for further discovery responses. This argument is not persuasive. Defendants may be seeking additional discovery materials precisely because they have not yet obtained relevant evidence from plaintiffs.

Plaintiffs argue they did not have "multiple" opportunities to correct their discovery responses, as the Magistrate Judge found, but do not specifically address the detailed timeline laid out in the Report and Recommendation showing plaintiffs did indeed have multiple opportunities to correct their responses.

Plaintiffs argue "the court has not opined that the extension of deadlines or scheduling was due to the Plaintiffs" and that the Magistrate Judge's statement to the contrary is false and renders the Report and Recommendation "unfair." The court has granted several deadline extensions at plaintiffs' request—including an extension for the filing of plaintiffs' objections to the Report and Recommendation [*See* Dkt. #215]—and the Magistrate Judge has granted discovery extensions to allow plaintiffs to correct errors in their discovery responses. [*See, e.g.*, Dkt. #72]. Plaintiffs' argument is not persuasive.

Finally, plaintiffs argue they have been and are willing to provide proper discovery responses and that the court should look leniently on the "form of unrepresented litigants['] pleadings . . . ." The court is aware of plaintiffs' *pro se* status and has made every effort to understand and entertain the arguments presented in their pleadings and other filings in this court. The Magistrate Judge has also been remarkably patient with plaintiffs, who have almost continuously ignored his instructions, disrupted the proceedings over which he presided, and insulted and attacked him in page after page of filings. The consideration plaintiffs enjoy as *pro*

*se* litigants does not cover willful misconduct and the intentional obstruction of court proceedings. Plaintiffs' conduct throughout this case—and the several related cases plaintiffs have filed in this court—would be comical if it had not resulted in such an unfortunate waste of judicial resources.

For the reasons set forth above, plaintiffs' objections to the Magistrate Judge's Report and Recommendation [Dkt. #216] are overruled, the Magistrate Judge's Report and Recommendation [Dkt. #207] is adopted, and plaintiffs' case is dismissed with prejudice.

IT IS SO ORDERED this 9th day of October, 2015.


GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT