

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Elbert Kirby, Jr., and
Caleb Meadows,

      Plaintiffs,

v.

DAVID M. O'DENS, *et al.*

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

**FILED**

OCT 19 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Case No. 2014-CV-0388-GKF-PJC

## PLAINTIFFS' MOTION FOR REHEARING ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW, Plaintiffs, Caleb Meadows and Elbert Kirby, Jr.:

The Plaintiffs move this court for reconsideration of defendants motion for summary judgment ("MSJ") on all counts except Plaintiffs' seventh cause of action of the Plaintiffs' Petition in this matter.

Foremost, the holding which the court did not consider was *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964), holding that, "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." Summary judgment cannot be granted on the basis of statements of fact in the moving party's brief even though they are uncontroverted by an opponent. Borbon v. City of Tucson, 1976. The case for basis on

which the Committee notes and relied in the formation and amendments to the Federal Rules of Civil Procedure.

The district court not only did not take these into consideration, it held the defendant O'Dens statements as truth even though the statements were not in an affidavit or affidavit form.

The collection to which the defendants bad debt collection practices arose from this resulting suit, the defendants SettlePou and O'Dens did not begin collecting until their entry in March 2014, well within the statutory time period to file an FDCPA action.

The only true test to observe is whether proper notice was given to the Plaintiffs is when the Plaintiffs were actually served, service appears to have been attempted on Plaintiffs Meadows only in March of 2014, again well within the statutory time period to file an FDCPA action. Proper Service was never effected upon Plaintiff Kirby. So the statutory time period for Kirby never began to run.

Third, Ocwen Loan Servicing, LLC ("Ocwen") has never actually sued Kirby or Meadows, therefore without Ocwen suing the Plaintiffs the statutory time period could not have began. The district court completely overlooked this fact.

Neither does any evidence or testimony appear on the record of Ocwen's attempted validation of the alleged debt, and a showing that it was actually sent to the

Plaintiffs or the Plaintiffs received any validation from Ocwen. Further, Ocwen has recently shown that they have backdated documents, as in this case, and not even sent documents which they have purported to have sent. No evidence on the record shows that the Plaintiffs ever were provided these documents and therefore had ample opportunity to respond and filed suit.

Further on the "second type of FDCPA" action in this suit, the Plaintiffs have inundated the court with information and evidence which proves that US Bank or for that matter any entity cannot legally or lawfully make an assignment of the purported note or mortgage after June 29, 2006. The Prospectus (Plaintiffs' Exhibit 2 in Plaintiffs' Objections to Summary Judgment.) which the court failed to consider the over 6 year tardiness of this attempt at assignment/endorsement. Neither was the allonge something which could actually be an enforceable endorsement due to the fact that 1.) It was not the original, 2.) it was not attached to the purposed note, 3.) It does meet the New York Trust Law requirements (recording in public record) 4.) Further in Plaintiffs' Exhibit 3, the public record shows that US Bank had relinquished any right and title to any purported interest in the Plaintiffs' property. Neither did the district court consider these factors. Indeed these factors show at least a prima facia case that US Bank or the defendants were not a holder in due course in order to mislead the Plaintiffs.

Plaintiffs provided the false credit reporting information as attached in the Plaintiffs responds to Defendants MSJ attached as Exhibit 3 (starting at pg. 5). The court obviously overlooked this evidence. Since the court has determined that Ocwen

did not make reports to a credit bureau and also shown by the asserted affidavit of Flannigan, the Plaintiffs have proffered evidence to the contrary.

In regards to the Plaintiffs TCPA claims, **OCWEN FINANCIAL** (which was only known to the Plaintiffs to be a subsidiary of Ocwen Loan Servicing, LLC when Ocwen filed their corporate disclosures at the onset of this case) made unauthorized phone calls to the Plaintiffs cellular telephone without the Plaintiffs', prior express consent as the Plaintiffs call records will evidence in Exhibit 4 attached to Plaintiffs' response to defendants' MSJ. Again the district court has obviously overlooked that neither of the Plaintiffs consented to OCWEN FINANCIAL calling the Plaintiffs.

The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting **summary judgment**. Monsanto Co. v. Scruggs, 2004 as cited in John v. State of La.(Bd. of T. for State C. & U.), 757 F.2d 698 (5th Cir. 1985).

`Rule 56 does not distinguish between documents merely filed and those singled out by **counsel** for special attention-the court must consider both before granting a **summary judgment**.'" Ochello v. Liberty Mut. Fire Ins. Co., 2011 as cited in John v. State of La.(Bd. of T. for State C. & U.), 757 F.2d 698 (5th Cir. 1985).

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement

to **summary judgment**]." Eisenberg v. Grand Bank for Savings, FSB, 2002 as cited in John v. State of La.(Bd. of T. for State C. & U.), 757 F.2d 698 (5th Cir. 1985).

The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." Adams v. Banks, 2009 as cited in John v. State of La.(Bd. of T. for State C. & U.), 757 F.2d 698 (5th Cir. 1985).

A motion for **summary judgment** cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. HIBERNIA NAT. BK. v. ADMIN. CENT. SOC. ANONIMA, 1985 as cited in John v. State of La.(Bd. of T. for State C. & U.), 757 F.2d 698 (5th Cir. 1985).

"Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion." Everhart v. CitiMORTGAGE, INC., 2013 as cited in John v. State of La.(Bd. of T. for State C. & U.), 757 F.2d 698 (5th Cir. 1985).

"A trial court can [] consider [only] admissible evidence in ruling on a motion for **summary judgment**." IN RE MASTRO, 2011 *as cited in Orr v. Bank Of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

**The moving party bears the burden of presenting *authenticated* evidence to demonstrate the absence of any genuine issue of material fact for trial. RIGHTHAVEN, LCC v. Jama, 2011 *as cited in Orr v. Bank Of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).**

Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Barefield v. BOARD OF TRUSTEES OF CA STATE UNIV., 2007 *as cited in Orr v. Bank Of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The authentication of the defendants' documents included the alleged note and mortgage have not met the burden to support the admissibility standards as particularly as the alleged note and mortgage originals have not been presented, conflicting statements concerning these documents lead any reasonable jurist to know that the originals have been unavailable for the last 5 years, it would be unfair to the Plaintiffs to admit anything other than the alleged originals as the originals are governed by the UCC, to be a negotiable instrument. Copies would hence be unfair as the probability of forgery is significantly increased. Also there are numerous statements which are on this record

alleging that Ocwen as the originals, yet separate statements in the US Bank Subpoena stating that US Bank has the documents. These conflicting statements lead any reasonable jurist to conclude that this is shell game and the originals are not even available. Both FRE 1002, and 1003 indicate that the Original should be produced, also indicating the unfairness of admitting a duplicate. Additionally, Ocwen has the burden of admitting a duplicate, yet there is no person within Ocwen that could properly authenticate the alleged note or mortgage. The location and the conflicting statements by the defendants and the US Bank subpoena make it unfair to admit a duplicate of any allege note or mortgage. This is also one of the main themes of inconsistency which the defendants are attempting cavalcade through the court, hoping the court will turn a blind eye to their shortcomings.

Further, evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party." IMPERIUM INS. CO. v. Unigard Ins. Co., 2014 *as cited in Orr v. Bank Of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). Neither did the district court construe the evidence presented in a light most favorable to the Plaintiffs.

"[D]ocuments authenticated through personal knowledge must be `attached to an affidavit that meets the requirements of Fed. R. Civ. P. 56 (e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Perkins v. DEMEYO, 2014 *as cited in Orr v. Bank Of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

"It is clear enough that unsworn statements of **counsel** in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56 (e) than are the unsupported allegations of the pleadings." CENTURY 21 FRONTIER v. ARCH INSURANCE GROUP, 2010 as cited in Schoch v. First Fidelity Bancorporation, 912 F.2d 654 (3d Cir. 1990).

The Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." American Permahedge, Inc. v. Barcana, Inc., 1994 as cited in Eastway Const. Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985).

In considering a Rule 56 motion, the court's responsibility is not to resolve disputed issues of fact, but to assess whether there are any factual issues to be tried, while resolving all ambiguities and drawing all reasonable inferences against the moving party. Law v. Camp, 2000 as cited in Eastway Const. Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985).

"We do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Colo. Chiropractic Council v. Porter Memorial Hosp., 1986 as cited in Eastway Const. Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985).

If the court recognizes any material issues of fact, **summary judgment** is improper, and the motion must be denied. Coudert v. HOKIN, 2014 as cited in Eastway Const. Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985).

[P]ro se plaintiff should "be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of **summary judgment** against him." Hall v. Bellmon, 1991 as cited in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

"[F]inding that the court must inform a pro se plaintiff of his right to file material in response to a motion for **summary judgment.** " BONILLA-ROSADO v. DEBOO, 2012 as cited in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

"[R]equiring the court provide explanation of dismissal/**summary judgment** procedures to pro se litigants" Cooper v. Smith, 2012 as cited in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

"[A] district court cannot properly act on a motion for **summary judgment** without giving the opposing party a reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion and demonstrate that there is a genuine issue of material fact which precludes granting the defendants **summary judgment**." McMillion v. MOLLENHAUER, 2014 as cited in *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

`Rule 56 does not distinguish between documents merely filed and those singled out by **counsel** for special attention-the court must consider both before granting a **summary judgment**."' Barnes v. STONEBRIDGE LIFE INSURANCE COMPANY, 2009 as cited in Keiser v. Coliseum Properties, Inc., 614 F.2d 406 (5th Cir. 1980).

The district court has disregarded the Plaintiffs' documents, as it has not brought attention and wholly equally viewed the defendants' 'call log' in favor of the Plaintiffs. This as the defendants refer to in both the affidavits of Ocwen's FORG group is referred to as their 'call log'. However this document also has instances where Ocwen implicates itself in not having the Original Paperwork it alleges ownership, in partial an original note or original mortgage. If the court needed additional documents, and did not want to search through the record even though the documents have been provided to this court in the record, the court could have set the MSJ for hearing, or requested those additional documents from the Plaintiffs. For the court to wholly not consider these documents even though these documents were available in the various forms, and even could have been request, the district court did not properly consider the defendants' MSJ in light most favorable to the Plaintiff.

This also demonstrates the material facts that the Plaintiffs have express throughout this case. The defendants do not have right to collect upon the documents they allege ownership, in light of the defective power of attorney, an assignment in the public record clearly identifying (Plaintiffs' OBJECTION TO MSJ EXHIBIT 2&3) the

defendants have bonafide interest and ownership, for this question to be ignored by the court clearly shows that summary judgment is improper, and therefore raises the substantial issue of material fact, whether a reasonable jury could find in the Plaintiffs' favor.

A district court "can only grant **summary judgment** `if everything in the record... demonstrates that no genuine issue of material fact exists.'" Earwood v. Norfolk Southern Ry. Co., 1993 as cited in Keiser v. Coliseum Properties, Inc., 614 F.2d 406 (5th Cir. 1980).

"The burden of proof falls on the party seeking **summary judgment**, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party." Murphy v. Georgia-Pac. Corp., 1980 as cited in Keiser v. Coliseum Properties, Inc., 614 F.2d 406 (5th Cir. 1980).

Instead, the court's sole function on a motion for **summary judgment** is to determine whether there exist issues of material fact to be tried and, if not, whether the moving party is entitled to a **judgment** as a matter of law.
- in Professional Helicopter Pilots Ass'n v. Carlucci, 1990 as cited in Keiser v. Coliseum Properties, Inc., 614 F.2d 406 (5th Cir. 1980).

A court is governed by stringent criteria, and it cannot grant **summary judgment** if the record contains any demonstration that a genuine issue of material fact exists.

Federal Deposit Ins. Corp. v. Willis, 1980 as cited in Keiser v. Coliseum Properties, Inc.,
614 F.2d 406 (5th Cir. 1980).


**This is clear indication that the defendants are not entitled to summary**
**judgment on either the FDCPA, TCPA, or FCRA causes of action, as there is**
**sufficient evidence on the record to indicate that there are material facts at issue.**

**Not only have the Plaintiffs' demonstrated with the defendants' own**
**evidence which even they have indicated the defendants do not have an original**
**copy of the alleged note or mortgage.**

**The court neither considered that the defendants would not be entitled to**
**claim any right to the Plaintiffs' property in lieu of the most recent assignment in**
**the public record, and the United States Securities and Exchange Commission**
**Prospectus (PLT Exhibits 2&3). The Court did not consider these exhibits even**
**though there were attached to the Plaintiffs' objection to the defendants MSJ.**


To grant the defendants; summary judgment based on that the defendants'
collection action was without the statute of limitations is improper. The defendants only
made themselves known to the Plaintiffs on March 2014, four months prior to the filing
of this action, and well within the jurisdictional statute of limitations of the FDCPA.


Neither considered was the Plaintiffs' Call Records in Exhibit 4 in the Plaintiffs'
objection to Defendants' MSJ. The Plaintiffs presented this call record which indicated

that Ocwen Financial called the Plaintiffs in a manner to abuse, harass, and oppress the Plaintiffs using an automated dialing system and leaving artificial and prerecorded messages on the Plaintiffs cellular telephone. Even then the Plaintiffs advised the Plaintiffs to stop calling the Plaintiffs which is also listed in Exhibit 2 on Plaintiffs' Objection to Defendants' MSJ. Even if the Plaintiffs had knowingly consented at a point in time to being called on their cellular phone, this was revoked, and the Plaintiffs never once consented to being called by OCWEN FINANCIAL. An entity which never had consent to contact the Plaintiffs. For this reason alone and as the defendants have not provided any evidence that the Plaintiffs gave consent to OCWEN FINANCIAL giving the Plaintiffs a call, nor did the Plaintiffs have any dealings with OCWEN FINANCIAL, the defendants' MSJ on the Plaintiffs' TCPA causes of action should be denied. Aside, this also reflects the reasoning as to why Ocwen Loan Servicing, LLC would have no record of calling the Plaintiffs on 344 occasions, as Ocwen Loan Serving, LLC although now know as the subsidiary of OCWEN FINANCIAL, did not initiate the call, OCWEN FINANCIAL initiated the calls to the Plaintiffs' cellular telephone with the use of an automated dialing system and leaving an artificial or prerecorded message on the Plaintiffs' cellular telephone.

Neither does the alleged letter which Ocwen claims to have been submitted by the Plaintiffs bears the Plaintiffs true signature, the Plaintiffs dispute this as the Plaintiffs never sent this correspondence to Ocwen as the signature is not that of either of the undersigned.

## Conclusion

THEREFORE, it is just and proper the Plaintiffs' foregoing Motion for

Rehearing be granted as set forth herein.

Respectfully submitted and stated,

This 19th day of October, 2015 CE.

_____
Elbert Kirby, Jr.,

_____
Caleb Meadows
1125 East 8th Street
Tulsa, Oklahoma
918.906.1204

### Certificate of Service

I certify that a true and correct copy of the foregoing document has been sent postage prepaid and affixed to defendant's counsel of record by electronic mail and filed with the Clerk of Court of the United States District Court of the Northern District of Oklahoma on the last day stated above.

_____
Caleb Meadows
1125 East 8th Street
Tulsa, Oklahoma
918-906-1204

David M. Odens
SettlePou
3333 Lee Parkway
STE 800
Dallas, TX 75219
dodens@settlepou.com